**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DYNATA, LLC, *et al.*,[1] | Case No. 24-11057 (   ) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF ORDER
(I) RESTATING AND ENFORCING PROTECTIONS OF 11 U.S.C.
§§ 362, 365, 525, AND 541(C), (II) APPROVING NOTICE RELATED TO
NON-DEBTOR AFFILIATES, AND (III) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order") (i) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of sections 362, 365, 525, and 541(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), (ii) approving the form of notice to stakeholders of the Debtors' non-Debtor global affiliates, and (iii) granting related relief. In support of the Motion, the Debtors rely upon and fully incorporate by reference the *Declaration of Steven Macri in Support of Debtors' Chapter*

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Dynata, LLC (8807), New Insight Holdings, Inc. (1844), New Insight Intermediate Holdings, Inc. (6495), Dynata Holdings Corp. (0668), Research Now Group, LLC (7588), SSI/Opiniology Interco LLC (1855), iPinion, Inc. (9463), Research Now, Inc. (5523), SSI Holdings, LLC (6379), New Insight International, Inc. (0453), Imperium LLC (8375), inBrain, LLC (8031), Apps That Pay, LLC (9028), inBrain Holdings, LLC (9696), Branded Research, Inc. (9577), Screenlift.io, LLC, Research Now DE I, LLC (5528), Research Now DE II, LLC (5613), and Instantly, Inc. (6756).  The Debtors' headquarters is located at 4 Research Drive, Suite 300, Shelton, CT 06484.

*11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously with this Motion.  In further support of the Motion, the Debtors respectfully submit as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a), 362, 365, 525, and 541(c) of title 11 of the Bankruptcy Code.

## BACKGROUND

3.      On the date hereof (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

---

[2] Capitalized terms but not otherwise defined herein shall have the meanings given to them in the First Day Declaration.

Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declaration.

4.      As described in greater detail in the First Day Declaration, the Debtors are a first-party data platform company focused on acquiring market information in the United States and all over the world in other international markets.   While the Debtors operate and maintain headquarters in the United States, the Debtors operate through non-Debtor subsidiaries in Australia, Brazil, Bulgaria, Canada, China, Denmark, France, Germany, Hong Kong, Hungary, India, Italy, Japan, Korea, Mexico, the Netherlands, New Zealand, the Philippines, Romania, Singapore, Spain, Sweden, and the United Kingdom,

5.      Due to the global nature of the Debtors' businesses, the Debtors have regular dealings with foreign creditors and other third parties that may be unfamiliar with the protections afforded to a chapter 11 debtor under the Bankruptcy Code.   Accordingly, the Debtors are requesting, out of an abundance of caution, that the Court enter an order confirming certain protections afforded under the Bankruptcy Code.

## **BASIS FOR RELIEF REQUESTED**

I.      **Enforcing the Protections of Sections 362, 365, 525, and 541 of the Bankruptcy Code**

6.      As a result of the commencement of these Chapter 11 Cases, and by operation of law pursuant to section 362 of the Bankruptcy Code, the automatic stay enjoins all entities from, among other things, (a) commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors that was or could have been initiated before the Petition Date, (b) recovering a claim against the Debtors that arose before the Petition Date, (c) enforcing a judgment against the Debtors or property of their estates that was obtained before the Petition Date, or (d) taking any action to collect, assess, or recover a claim against the Debtors that arose before the Petition Date.   See 11 U.S.C. § 362(a).

7.      The injunction contained in section 362 is a core protection for a debtor, providing it with a "breathing spell" from its creditors, which, in combination with other provisions of the Bankruptcy Code, is essential to a debtor's ability to reorganize.  See, e.g., McCartney v. Integra Nat. Bank N., 106 F.3d 506, 509 (3d Cir. 1997) (citing Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991)); Cuffee v. Atl. Bus. & Cmty. Dev. Corp. (In re Atl. Bus. & Cmty. Corp.), 901 F.2d 325, 327 (3d Cir. 1990) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors.").

8.      Given its fundamental importance to a debtor's reorganization, courts broadly construe the Bankruptcy Code's automatic stay provisions.  See, e.g., In re Askew, 312 B.R. 274, 280 (Bankr. D. N.J. 2004).  As such, the automatic stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order, protecting a debtor's property and contracts.  See, e.g., Broadstripe, LLC v. Nat'l Cable Television Coop., Inc.(In re Broadstripe, LLC), 402 B.R. 646, 657 (Bankr. D. Del. 2009) (holding that debtor's interest in executory contracts and leases was property of the estate, "protected against termination or other interference that would have the effect of removing or hindering the debtor's rights in violation of" the automatic stay); Univ. Med, Ctr. v. Sullivan (In re Univ. Med. Ctr.), 973 F.2d 1065, 1075 (3d Cir. 1992) (holding that nondebtor party to executory contract could not enforce contractual rights against debtor without seeking relief from automatic stay); see also Acands, Inc. v. Travelers Cas. & Sur. Co., 435 F.3d 252, 259 (3d Cir. 2006) ("Section 362(a)(3) . . . applies to actions against third parties as well as actions against the debtor.").

9.      Furthermore, section 362 of the Bankruptcy Code applies worldwide.  See, e.g., In re Nortel Networks, Inc., 669 F.3d 128, 138 (3d Cir. 2011) (upholding bankruptcy court's decision

to enforce automatic stay extraterritorially); Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC,474 B.R. 76 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of automatic stay and injunction barring foreign creditor's lawsuit); H.K. & Shanghai Banking Corp. v. Simon (In re Simon), 153 F.3d 991, 996 (9th Cir. 1998).  The Court also has authority to fashion appropriate remedies for violations of the automatic stay.  See 11 U.S.C. § 105(a); see also In re Odom, 570 B.R. 718, 722 (Bankr. E.D. Pa. 2017) (holding that bankruptcy court has considerable discretion in fashioning remedy in connection with violations of automatic stay once a finding of civil contempt has been made).

10.    In addition, provisions in agreements, transfer instruments, or applicable non-bankruptcy law are unenforceable if such provision "restricts or conditions transfer of such interest by the debtor" or if any such provision:

> is conditioned on the insolvency or financial condition of the debtor, or the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

11.    Section 365(e)(1) of the Bankruptcy Code renders insolvency-based termination or modification provisions in contracts unenforceable against a chapter 11 debtor.  Specifically, section 365(e)(1) of the Bankruptcy Code provides that:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—
>
> (A)    the insolvency or financial condition of the debtor at any time before the closing of the case;
>
> (B)    the commencement of a case under this title; or

(C)     the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

11 U.S.C. § 365(e)(1).

12.     Bankruptcy courts have applied section 365(e)(1) liberally, such that provisions modifying or terminating the relationships of the contracting parties due to the filing of a bankruptcy case are "broadly unenforceable."  See In re Broadstripe, LLC, 402 B.R. at 659; In re Univ. Med. Ctr., 973 F.2d at 1075.

13.     In addition, section 525 of the Bankruptcy Code prohibits and enjoins all governmental units from, among other things, denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against the Debtors solely because of these Chapter 11 Cases, because they may have been insolvent before the commencement of these Chapter 11 Cases, or because they are insolvent during the pendency of these Chapter 11 Cases.  See 11 U.S.C. § 525(a); see also Equisito Servs., Inc. v. United States (In re Exquisito Servs., Inc.), 823 F.2d 151, 155 (5th Cir. 1987) ("[T]he impetus behind section 525(a) is to prevent governmental units from frustrating the policies of the Bankruptcy Code by discriminating against persons seeking relief under that Code.").

14.     Sections 362, 365, 525, and 541(c) of the Bankruptcy Code are self-executing. These provisions constitute fundamental protections for debtors in possession which, in combination with other provisions of the Bankruptcy Code, provide the Debtors with the "breathing spell" that is essential to the Debtors' ability to reorganize successfully.  See, e.g., Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc., 945 F. Supp. 603, 608 (S.D.N.Y. 1996) ("[Section] 362 is meant to give 'the debtor a breathing spell from his creditors [and] . . . permit [ ] the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the

financial pressures that drove him into bankruptcy'."); <u>Browning v. Navarro</u>, 743 F.2d 1069, 1083 (5th Cir. 1984) (same).

15.     Notwithstanding the self-executing and global nature of these protections, not all parties affected or potentially affected by the commencement of these Chapter 11 Cases may be aware of these statutes and their significance and impact.  Indeed, foreign creditors or other parties unfamiliar with the Bankruptcy Code may attempt to proceed against the Debtors' property outside the United States, or take other actions against the property of the Debtors or property in the Debtors' possession, even after the Debtors have filed voluntary petitions triggering the automatic relief provided under the Bankruptcy Code.  Such unilateral self-help, litigation, or collection actions could adversely affect the Debtors' ordinary course operations, thereby jeopardizing the Debtors' reorganization and resulting in irreparable harm to their estates and interested parties. Therefore, it is prudent and necessary to advise third parties of the existence and effect of sections 362, 365, 525, and 541(c) of the Bankruptcy Code through a separate order which the Debtors will be able to transmit to affected parties.

16.     The requested relief is particularly appropriate here because the Debtors and their non-debtor subsidiaries operate in numerous countries with different legal systems.  Moreover, the Debtors and their non-debtor subsidiaries regularly engage with numerous foreign customers, vendors, as well as foreign regulators and other foreign governmental units.  Absent the relief requested herein, the Debtors' ability to operate seamlessly in multiple jurisdictions may be impaired, all to the detriment of their estate, creditors, and parties-in-interest.

**II.     Approving Notice to Customers, Suppliers and Other Stakeholders of the Non-Debtor Global Affiliates**

17.     In addition, to alleviate the confusion that likely will arise concerning the non-debtor global affiliates, the Debtors seek approval from the Court of a notice (the "<u>Notice</u>"),

substantially in the form annexed hereto as <u>Exhibit B</u>, to the customers, suppliers and other stakeholders of the non-debtor global affiliates confirming that such entities are not included in these Chapter 11 Cases and are not subject to (a) the supervision of the Court, or (b) the provisions of the Bankruptcy Code.

18.     Because non-U.S. stakeholders may not be familiar with U.S. chapter 11 reorganizations, it is imperative to communicate to the Debtors' non-U.S. customers and suppliers that the non-Debtor global affiliates are not included in these Chapter 11 Cases and thus, are not subject to this Court's supervision or the chapter 11 process.  Accordingly, to sustain customer confidence and to minimize the risk of an interruption to the global enterprise, the Debtors believe that they need a court-approved notice communicating this message.  As explained above, the Debtors operate a highly competitive, global business.  Given that the Debtors are a company with many foreign affiliates, word of these Chapter 11 Cases will quickly spread internationally to various third parties that deal with the Debtors and their non-Debtor global affiliates, likely creating confusion as to which affiliates are, and which affiliates are not, subject to these Chapter 11 Cases.

19.     As a result of this confusion, the Debtors believe that some third parties may be hesitant or, worse yet, refuse to deal with non-Debtor global affiliates under the mistaken assumption that such affiliates are part of these Chapter 11 Cases.  Such a result would impair the operations of the non-Debtor global affiliates, which would ultimately prejudice the Debtors' reorganization efforts.  The Debtors believe that the Notice will help in educating the stakeholders of the Debtors and their non-Debtor affiliates, which in turn will assist the Debtors in achieving a successful reorganization.

## **RESERVATION OF RIGHTS**

20.     Nothing contained herein is intended or shall be construed as: (i) an implication or admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (ii) an impairment or waiver of any Debtor's or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (iii) a promise or requirement to pay any particular claim; (iv) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (v) an implication or admission that any particular claim is of a type specified or defined in the Motion, or any order granting the relief requested by the Motion; (vi) an implication, admission, or finding as to the validity, enforceability, or perfection of any lien on, interest in, or other encumbrance on the property of any Debtor or its estate; (vii) an impairment or waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code of any other applicable law; or (viii) a waiver of any Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (ix) a waiver of the obligation of any party in interest to file a proof of claim; or (x) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

## **NOTICE**

21.     Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) counsel to the First Lien Ad Hoc Group; (v) the DIP Agent; (vi) counsel to the DIP Agent; (vii) the First Lien Agent; (viii) counsel to the First Lien Agent; (ix) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis); (x) the Banks; and (xi) any party that has requested

notice pursuant to Bankruptcy Rule 2002.  The Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:   May 22, 2024
         Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Shella Borovinskaya*

Edmon L. Morton (No. 3856)
Matthew B. Lunn (No. 4119)
Shella Borovinskaya (No. 6758)
Kristin L. McElroy (No. 6871) Rodney Square
1000 North King Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
emorton@ycst.com
Email:  emorton@ycst.com
        mlunn@ycst.com
        sborovinskaya@ycst.com
        kmcelroy@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**

Jeffrey D. Pawlitz (*pro hac vice* pending)
Andrew S. Mordkoff (*pro hac vice* pending)
Erin C. Ryan (*pro hac vice* pending)
Amanda X. Fang (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: jpawlitz@willkie.com
        amordkoff@willkie.com
        eryan@willkie.com
        afang@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DYNATA, LLC, *et al.*,[1] | Case No. 24-11057 (   ) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

**ORDER (I) RESTATING AND ENFORCING PROTECTIONS OF 11 U.S.C.**
**§§ 362, 365, 525, AND 541(C), (II) APPROVING NOTICE RELATED TO**
**NON-DEBTOR AFFILIATES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-caption cases (collectively, the "Debtors") for entry of an order (this "Order") (a) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of sections 362, 365, 525, and 541(c) of the Bankruptcy Code, (b) approving the form of notice to customers, suppliers and other stakeholders of the Debtors' non-Debtor global affiliates, and (c) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Dynata, LLC (8807), New Insight Holdings, Inc. (1844), New Insight Intermediate Holdings, Inc. (6495), Dynata Holdings Corp. (0668), Research Now Group, LLC (7588), SSI/Opiniology Interco LLC (1855), iPinion, Inc. (9463), Research Now, Inc. (5523), SSI Holdings, LLC (6379), New Insight International, Inc. (0453), Imperium LLC (8375), inBrain, LLC (8031), Apps That Pay, LLC (9028), inBrain Holdings, LLC (9696), Branded Research, Inc. (9577), Screenlift.io, LLC, Research Now DE I, LLC (5528), Research Now DE II, LLC (5613), and Instantly, Inc. (6756).  The Debtors' headquarters is located at 4 Research Drive, Suite 300, Shelton, CT 06484.

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the

United States Constitution; and this Court having found that venue of this proceeding and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and upon the record herein, including the First Day Declaration; and after due

deliberation thereon; and this Court having determined that there is good and sufficient cause for

the relief granted in this Order, therefore,

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted, as set forth herein.

2.      Pursuant to and to the extent set forth in section 362 of the Bankruptcy Code, the

commencement of the Chapter 11 Cases operates as a stay, applicable to all entities of:

a.      The commencement or continuation, including the issuance or employment
of process, of a judicial, administrative, or other action or proceeding
against the Debtors that was or could have been commenced before the
commencement of these Chapter 11 Cases, or an act to recover a claim
against the Debtors that arose before the commencement of these Chapter
11 Cases;

b.      The enforcement, against the Debtors or against property of their estates, of
a judgment obtained before the commencement of these Chapter 11 Cases;

c.      Any act to obtain possession of property of the estate or of property from
the estate or to exercise control over property of the Debtors' estate;

d.      Any act to create, perfect, or enforce any lien against property of the
Debtors' estates;

e.      Any act to create, perfect, or enforce against property of the Debtors any
lien to the extent that such lien secures a claim that arose before the
commencement of these Chapter 11 Cases;

f.      Any act to collect, assess, or recover a claim against the Debtors that arose
before the commencement of these Chapter 11 Cases;

2

g.      The setoff of any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases, except as allowed under section 553 of the Bankruptcy Code; and

h.      The commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period this Court may determine.

3.      This Order shall not affect the exceptions to the automatic stay contained in the twenty-nine (29) subsections of section 362(b) of the Bankruptcy Code or the right of any party-in-interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

4.      Solely to the extent that section 362 of the Bankruptcy Code prohibits such actions, all persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained, and enjoined from in any way, seizing, attaching, foreclosing upon, levying against, or in any other way interfering with, any and all of the property of the Debtors, wherever located.

5.      Pursuant to sections 362 and 365 of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these Chapter 11 Cases because of a provision in such contract or lease that is conditioned on the: (a) insolvency or financial condition of the Debtors at any time before the closing of these Chapter 11 Cases; or (b) commencement of these Chapter 11 Cases under the Bankruptcy Code.  Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period to the extent mandated by sections 362 and 365 of the Bankruptcy Code and applicable law.

3

6.      Pursuant to section 525(a) of the Bankruptcy Code, all foreign and domestic governmental units (and all those acting on their behalf) are prohibited and enjoined from denying, revoking, suspending or refusing to renew a license, permit, charter, franchise or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtors solely because Debtors: (a) are debtors under the Bankruptcy Code; (b) have been insolvent before the commencement of the Debtors' Chapter 11 Cases; or (c) have been insolvent during the pendency of the Debtors' Chapter 11 Cases but before the Debtors are granted or denied a discharge .

7.      Pursuant to section 541(c) of the Bankruptcy Code, except as provided in section 541(c)(2) of the Bankruptcy Code, any interest of the Debtors in property becomes property of their estates under subsections (a)(1), (a)(2) and (a)(5) of section 541 of the Bankruptcy Code, notwithstanding any provision in any agreement, transfer instrument or applicable nonbankruptcy law, that: (a) restricts or conditions transfer of such interest by the Debtors; or (b) is conditioned on the insolvency or financial condition of the Debtors or on the commencement of the Debtors' Chapter 11 Cases, and that effects or gives an option to effect a forfeiture, modification, or termination of the applicable Debtors' interest in property.

8.      This Order is declarative and is intended to be coterminous with sections 362, 365, 525 and 541 of the Bankruptcy Code.  Nothing herein shall abridge, enlarge, nor modify the rights and obligations of any party.  For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code.

9.      The form of notice, substantially in the form annexed to the Motion as <u>Exhibit B</u>, is approved.

10.     The Debtors are authorized to cause this Order or the notice annexed as <u>Exhibit B</u> to the Motion to be translated into as many languages as may be deemed necessary and to distribute this Order and notice as the Debtors deem appropriate.

11.     Nothing in the Motion or this Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (ii) an impairment or waiver of the Debtors' or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (iii) a promise or requirement to pay any particular claim; (iv) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (v) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order; (vi) an implication, admission, or finding as to the validity, enforceability, or perfection of any lien on, interest in, or other encumbrance on the property of any Debtor or its estate; (vii) an impairment or waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (viii) a waiver of any Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (ix) a waiver of the obligation of any party in interest to file a proof of claim; or (x) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

12.     Nothing in the Motion or this Order approves, waives or modifies the requirements of the Restructuring Support Agreement, including, without limitation, the consent and consultation rights contained therein.

13.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

14.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit B</u>**

**Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DYNATA, LLC, *et al.*, [1] | Case No. 24-11057 (   ) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. ___ & ___** |

### NOTICE OF ENTRY OF AN ORDER
### (I) RESTATING AND ENFORCING PROTECTIONS OF
### 11 U.S.C. §§ 362, 365, 525, AND 541(C), (II) APPROVING NOTICE RELATED
### TO NON-DEBTOR AFFILIATES, AND (III) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on May 22, 2024 (the "Petition Date"), the debtors and

debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter

11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the

United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' non-U.S.

affiliates have not filed for chapter 11 protection. The Debtors and their non-Debtor affiliates are

listed on **Exhibit 1** annexed hereto. As confirmed in the *Order (I) Restating and Enforcing*

*Protections of 11 U.S.C. §§ 362, 365, 525, and 541(c), (II) Approving Notice Related to Non-*

*Debtor Affiliates, and (III) Granting Related Relief*, entered by the Court on [   ], 2024, the Debtors'

non-U.S. affiliates are not subject to the chapter 11 process.

Dated: [_____], 2024]

---



[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Dynata, LLC (8807), New Insight Holdings, Inc. (1844), New Insight Intermediate Holdings, Inc. (6495), Dynata Holdings Corp. (0668), Research Now Group, LLC (7588), SSI/Opiniology Interco LLC (1855), iPinion, Inc. (9463), Research Now, Inc. (5523), SSI Holdings, LLC (6379), New Insight International, Inc. (0453), Imperium LLC (8375), inBrain, LLC (8031), Apps That Pay, LLC (9028), inBrain Holdings, LLC (9696), Branded Research, Inc. (9577), Screenlift.io, LLC, Research Now DE I, LLC (5528), Research Now DE II, LLC (5613), and Instantly, Inc. (6756). The Debtors' headquarters is located at 4 Research Drive, Suite 300, Shelton, CT 06484.

## **Exhibit 1**

A. Chapter 11 Debtors
   1. New Insight Holdings, Inc.
   2. New Insight Intermediate Holdings, Inc.
   3. Instantly, Inc.
   4. Dynata Holdings Corp.
   5. Research Now Group, LLC
   6. iPinion, Inc.
   7. Research Now, Inc.
   8. SSI/Opinionology Interco LLC
   9. SSI Holdings, LLC
   10. Dynata, LLC
   11. New Insight International, Inc.
   12. Research Now DE I, LLC
   13. Research Now DE II, LLC
   14. inBrain Holdings, LLC
   15. Imperium, LLC
   16. Branded Research, Inc.
   17. inBrain, LLC
   18. Apps That Pay, LLC
   19. ScreenLift.io, LLC

B. Entities That Are Not Chapter 11 Debtors
   1. Dynata Philippines Inc.
   2. Survey Sampling Intl. Hyderabad Private Limited Company
   3. SSI do Brasil Pesquisa de Mercado Ltda
   4. Instantly Research (India) Pvt. Ltd.
   5. Dynata Bulgaria EOOD
   6. E-Rewards Bidco Limited (U.K.)
   7. Dynata Romania S.R.L.
   8. Dynata Hungary Kft
   9. Dynata Denmark ApS
   10. Dynata Global UK Ltd.
   11. Dynata Netherlands B.V.
   12. Dynata Singapore Pte. Ltd.
   13. Research Now India Pvt. Ltd.
   14. Research Now Japan G.K.
   15. Dynata Hong Kong Limited
   16. Dynata Global AU Pty Ltd
   17. Dynata (Beijing) Co., Ltd.
   18. Dynata Europe, B.V.
   19. Dynata Italy S.r.l
   20. SSI Asia B.V.
   21. Dynata Global Spain, S.L.U.

22. Dynata GmbH
23. Dynata France SASU
24. Dynata Inc.
25. Survey Sampling Japan GK
26. Dynata Korea Ltd.
27. Dynata Sweden AB
28. Dynata Deutschland GmbH
29. Dynata Pty Limited
30. Critical Mix GmbH
31. Survey Sampling International Service Company S. de R.L. de C.V.