# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DYNATA, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11057 (TMH)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 4 |

**INTERIM ORDER (I) PROHIBITING
UTILITY COMPANIES FROM ALTERING,
REFUSING, OR DISCONTINUING UTILITY SERVICES,
(II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF
FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES AND DETERMINING ADDITIONAL
<u>ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") for the entry of an interim order (this "<u>Interim Order</u>"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, (i) determining that the Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of prepetition amounts outstanding or on account of the commencement of these Chapter 11 Cases and/or non-payment for any prepetition services or on

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Dynata, LLC (8807), New Insight Holdings, Inc. (1844), New Insight Intermediate Holdings, Inc. (6495), Dynata Holdings Corp. (0668), Research Now Group, LLC (7588), SSI/Opiniology Interco LLC (1855), iPinion, Inc. (9463), Research Now, Inc. (5523), SSI Holdings, LLC (6379), New Insight International, Inc. (0453), Imperium LLC (8375), inBrain, LLC (8031), Apps That Pay, LLC (9028), inBrain Holdings, LLC (9696), Branded Research, Inc. (9577), Screenlift.io, LLC, Research Now DE I, LLC (5528), Research Now DE II, LLC (5613), and Instantly, Inc. (6756). The Debtors' headquarters is located at 4 Research Drive, Suite 300, Shelton, CT 06484.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

account of any perceived inadequacy of the Proposed Adequate Assurance; (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond the Proposed Adequate Assurance; and (v) setting the Final Hearing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. **A final hearing on the relief sought in the Motion shall be conducted on June 20, 2024 at 1:00 P.M. (ET) (the "Final Hearing").** Any party-in-interest objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon (i) Dynata, LLC, 4 Research Drive, Suite 300, Shelton, CT 06484, Attn: Steve Belkin, Esq. (Steve.Belkin@Dynata.com); (ii) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jeffrey D. Pawlitz, Esq. (jpawlitz@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), Erin C. Ryan, Esq. (eryan@willkie.com), and Amanda X. Fang, Esq. (afang@willkie.com); (b) Young Conaway Stargatt & Taylor LLP, Rodney Square 1000 North King Street, Wilmington, Delaware 19801; Attn. Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shella Borovinskaya, Esq.

(sborovinskaya@ycst.com), and Kristin L. McElroy, Esq. (kmcelroy@ycst.com); (iii) counsel to any official committee appointed in the Chapter 11 Cases; (iv) counsel to the First Lien Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott J. Greenberg, Esq. (sgreenberg@gibsondunn.com), AnnElyse Scarlett Gains, Esq. (agains@gibsondunn.com) and Jonathan M. Dunworth, Esq. (jdunworth@gibsondunn.com)); and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov), in each case no later than June 13, 2024 at 4:00 p.m. (ET). If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3. The Debtors are authorized to pay, in accordance with their prepetition practices, all undisputed postpetition utility charges for all Utility Services rendered by the Utility Companies to the Debtors.

4. Any security deposits that were in place prior to the Petition Date shall remain in place and shall continue to be held by those Utility Companies holding the same, except upon either (a) written agreement(s) between the Debtors and a Utility Company without further order of the Court or (b) further order(s) of the Court. The rights of Utility Companies holding security deposits that were in place prior to the Petition Date under 11 U.S.C. § 366(c)(4) are not affected by this Order.

5. Subject to the rights of Utility Companies to seek to modify the Proposed Adequate Assurance under 11 U.S.C. § 366(c)(3)(A), the Proposed Adequate Assurance is hereby approved on an interim basis and until such time as the Final Order granting such relief is entered by the Court, the Debtors are deemed to have furnished the Utility Companies with adequate assurance

of payment under section 366 of the Bankruptcy Code for postpetition Utility Services by depositing cash in an amount equal to $39,624.70, which represents the sum of 50% of the Debtors' estimated monthly cost of the Utility Services subsequent to the Petition Date (the "Adequate Assurance Deposit"), into the Utility Deposit Account within twenty (20) days after the date of entry of this Interim Order; provided, however, that the Debtors may reduce the Utility Deposit Account and amend the Utility Service List upon termination of Utility Services from a particular Utility Company in an amount equal to or less than the amount allocated to such Utility Company in the Utility Deposit Account, provided, further, that the Debtors either (a) obtain the affected Utility Company's consent to reduce the Utility Deposit; or (b) file a notice with the Court and serve upon the affected Utility Company a notice of the Debtors' intent to reduce the Utility Deposit within fourteen (14) days thereof and receiving no response thereto.[3] If an objection is received, the Debtors shall attempt to resolve the objection with the Utility Company, in consultation with the Required Consenting First Lien Lenders. If the objection is not resolved by the parties, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree. Upon the earlier of the closing of the sale of substantially all of the Debtors' assets, the effective date of any chapter 11 plan of the Debtors, or such other time as these Chapter 11 Cases may be closed, unless otherwise provided in a chapter 11 plan or other order of the Court, the Debtors, in their sole discretion and without further application to or order of the Court, may close the Utility Deposit Account and return all remaining funds to their operational and deposit accounts maintained in the ordinary

---

[3] In the event that the Debtors have multiple utility services accounts with a particular Utility Company, the Debtors' reduction of the Utility Deposit upon termination of Utility Services from a particular Utility Company will be based on those utility services accounts actually terminated.

course of business; provided that there are no accrued and/or outstanding post-petition amounts due and owing to the Utility Companies.

6. Subject to the Adequate Assurance Procedures and the rights of Utility Companies to seek to modify the Proposed Adequate Assurance under 11 U.S.C. § 366(c)(3)(A), until such time as the Final Order granting such relief is entered by the Court, all Utility Companies are prohibited from (a) discontinuing, altering, or refusing service to the Debtors on account of any prepetition amounts outstanding, (b) discriminating against the Debtors, or (c) requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices, other than as provided in the Motion.

7. The Adequate Assurance Procedures for determining requests for additional adequate assurance are approved as follows:

    a. Absent compliance with the Adequate Assurance Procedures, the Utility Companies may not alter, refuse, or discontinue service to, or otherwise discriminate against, the Debtors on account of the commencement of these Chapter 11 Cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

    b. The Debtors will serve copies of this Interim Order, as required by the Bankruptcy Rules and Local Rules on all Utility Companies identified on the Utility Service List. For the avoidance of doubt, the Motion will be served with this Interim Order. In the event that any Utility Company has been omitted from the Utility Service List, the Debtors shall supplement this list and shall promptly serve copies of the Motion, this Interim Order, and the Final Order, as applicable, on such Utility Company upon learning of such omission.

    c. Any Utility Company that believes it requires additional adequate assurance must serve an Additional Assurance Request via mail or email upon: (i) Dynata, LLC, 4 Research Drive, Suite 300, Shelton, CT 06484, Attn: Steve Belkin, Esq. (Steve.Belkin@Dynata.com); (ii) proposed co-counsel for the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Jeffrey D. Pawlitz, Esq. (jpawlitz@willkie.com), Andrew S. Mordkoff, Esq. (amordkoff@willkie.com), Erin C. Ryan, Esq. (eryan@willkie.com), and

5

        Amanda X. Fang, Esq. (afang@willkie.com); (b) Young Conaway Stargatt & Taylor LLP, Rodney Square 1000 North King Street, Wilmington, Delaware 19801; Attn. Edmon L. Morton, Esq. (emorton@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), Shella Borovinskaya, Esq. (sborovinskaya@ycst.com), and Kristin L. McElroy, Esq. (kmcelroy@ycst.com); (iii) counsel to any official committee appointed in the Chapter 11 Cases; (iv) counsel to the First Lien Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott J. Greenberg, Esq. (sgreenberg@gibsondunn.com), AnnElyse Scarlett Gains, Esq. (agains@gibsondunn.com) and Jonathan M. Dunworth, Esq. (jdunworth@gibsondunn.com)); and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov) and Joseph McMahon, Esq. (joseph.mcmahon@usdoj.gov).

d.     If the Debtors determine, in consultation with the Required Consenting First Lien Lenders, that an Additional Assurance Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Company serving such Additional Assurance Request and, in connection with such agreements, provide the Utility Company with additional adequate assurance of payment, including payments on prepetition amounts owing, cash deposits, prepayments, or other forms of security.

e.     Any Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which Utility Services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; (iv) set forth the basis for the Utility Company's belief that the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of (a) why such proposal is reasonable and (b) the basis of the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code. Any Additional Assurance Request that fails to meet these requirements shall, subject to further Court order, be deemed an invalid request for adequate assurance.

f.     Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

  g. The Debtors may, in consultation with the Ad Hoc Group, resolve any Additional Assurance Request by mutual agreement with the Utility Company and without further order of the Court and may, in connection with any such agreement, in consultation with the Ad Hoc Group, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

  h. If the Debtors determine that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company, then the Debtors shall, upon reasonable notice, calendar the matter (the "<u>Determination Hearing</u>") for the next omnibus hearing date, unless the Court orders otherwise, to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code.

  i. Any Utility Company that makes an Additional Assurance Request in accordance with the Adequate Assurance Procedures, shall (pending resolution of the Additional Assurance Request in accordance with the Procedures described above) be deemed to have received adequate assurance of payment satisfactory to such Utility Company as required by section 366 of the Bankruptcy Code, and shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors, subject to such Utility Company's right to seek modification of the Proposed Adequate Assurance under section 366(c)(3) of the Bankruptcy Code, unless otherwise ordered by the Court.

  j. Pending resolution of an Additional Assurance Request, at any such Determination Hearing or otherwise, and entry of a final, non-appealable order thereon finding that the Utility Company is not adequately assured of future payment, such Utility Company shall be prohibited from discontinuing, altering, or refusing service to the Debtors on account of the commencement of these Chapter 11 Cases, any unpaid charges for prepetition services, or any objections to the Proposed Adequate Assurance. Any Utility Company that fails to comply with the Adequate Assurance Procedures shall be deemed to have received adequate assurance.

8. The Debtors may, in their discretion, remove a Utility Company that is no longer providing post-petition services and whose final invoice has been paid from the Utility Service List after providing fourteen (14) days' notice to the Utility Company. If a Utility Company objects to its removal from the Utility Service List, the Debtors shall request that the Court consider

7

the objection at the next scheduled omnibus hearing date or such other date as agreed to by the Debtors and Utility Company.

9.  To the extent that the Debtors identify additional Utility Companies not included on the Utility Service List, the Debtors, with notice to the First Lien Ad Hoc Group, will promptly (i) file a supplement to the Utility Service List adding the name of the newly identified Utility Company, (ii) serve copies of the Motion, the Interim Order and the Final Order, as applicable, on such Utility Companies, and (iii) increase the Adequate Assurance Deposit by an amount equal to approximately 50% of the Debtors' estimated monthly utility payments to each newly added Utility Company.  The newly added Utility Companies shall be subject to the terms of this Interim Order, and the Proposed Final Order, as applicable, as of the date of service of the notice of addition of such newly added Utility Company to the Utility Service List.  The omission of any Utility Company from the Utility Service List shall not be construed as an admission, waiver, acknowledgement, or consent by the Debtors that section 366 of the Bankruptcy Code does not apply to such Utility Company.  A Utility Company added to the Utility Service List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

10. Nothing in the Motion or this Interim Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (ii) an impairment or waiver of the Debtors' or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (iii) a promise or requirement to pay any particular claim; (iv) an assumption, adoption, or rejection of any agreement, contract, or lease

under section 365 of the Bankruptcy Code; (v) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Interim Order; (vi) an implication, admission, or finding as to the validity, enforceability, or perfection of any lien on, interest in, or other encumbrance on the property of any Debtor or its estate; (vii) an impairment or waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (viii) a waiver of any Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (ix) a waiver of the obligation of any party in interest to file a proof of claim; or (x) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Nothing contained in this Interim Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

11.    Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is included in the Utility Service List.  The Debtors and the Utility Companies reserve their rights to assert that any of the entities now or hereafter included on the Utility Service List are/are not "utilities" within the meaning of section 366 of the Bankruptcy Code.

12.    Nothing in the Motion or this Interim Order approves, waives or modifies the requirements of the Restructuring Support Agreement, including, without limitation, the consent and consultation rights contained therein.

13.    The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

14.    The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

|  |  |
|---|---|
| **Dated: May 23rd, 2024**<br>**Wilmington, Delaware** | *Thomas M. Horan*<br>**THOMAS M. HORAN**<br>**UNITED STATES BANKRUPTCY JUDGE** |